UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| ASHLEY PHILLIPS, MARIA NEGRETE, TAJA JONES, and ERIN RYAN,<br><br>      Plaintiffs,<br><br>vs.<br><br>LASHOUT BEAUTY BAR, LLC, LUME'.LASH.BROW.BEAUTY.LLC, KCG LASHES, LLC, THOMAS NELSON, Individually, MICHELLE NELSON, Individually, KENYETTA SMITH, Individually, and CORRINDA HALLMAN, Individually,<br><br>      Defendants. | Case No.: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, ASHLEY PHILLIPS, MARIA NEGRETE, TAJA JONES, and ERIN RYAN (collectively referred to as "Plaintiffs") sue Defendants, LASHOUT BEAUTY BAR, LLC, LUME'.LASH.BROW.BEAUTY.LLC, KCG LASHES, LLC, THOMAS NELSON, Individually, MICHELLE NELSON, Individually, KENYETTA SMITH, Individually, and CORRINDA HALLMAN, Individually (collectively referred to as "Defendants") and states:

**NATURE OF ACTION**

1.  This action is for unpaid minimum wages under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA"), and unpaid wages

under Florida common law.

## PARTIES

2. At all times material hereto, Plaintiffs were residents of Lee County, Florida, in the Middle District of Florida.

3. Defendant LASHOUT BEAUTY BAR, LLC was, and continues to be, a Florida Limited Liability Company transacting business in Lee and Collier Counties, Florida, with its principal place of business located in Naples, Florida.

4. Defendant LUME'.LASH.BROW.BEAUTY.LLC was, and continues to be, a Florida Limited Liability Company transacting business in Lee and Collier Counties, Florida, with its principal place of business located in Naples, Florida.

5. Defendant KCG LASHES, LLC was, and continues to be, a Florida Limited Liability Company transacting business in Lee County, Florida, with its principal place of business located in Fort Myers, Florida. KCG LASHES, LLC holds itself out to the public and does business as "LUME LASH BROW AND BEAUTY BAR."

6. Individual Defendant THOMAS NELSON was, at all times material, a Managing Member and owner of corporate Defendants LASHOUT BEAUTY BAR, LLC and LUME'.LASH.BROW.BEAUTY.LLC. On information and belief, THOMAS NELSON is a resident of Collier County, Florida.

7. Individual Defendant MICHELLE NELSON was, at all times material, a Managing Member and owner of corporate Defendants LASHOUT

BEAUTY BAR, LLC and LUME'.LASH.BROW.BEAUTY.LLC. On information and belief, MICHELLE NELSON is a resident of Collier County, Florida.

8. Individual Defendant KENYATTA SMITH was, at all times material, a Managing Member and owner of corporate Defendant KCG LASHES, LLC. On information and belief, KENYATTA SMITH is a resident of Lee County, Florida.

9. Individual Defendant CORRINDA HALLMAN was, at all times material, a Managing Member and owner of corporate Defendant KCG LASHES, LLC. On information and belief, CORRINDA HALLMAN is a resident of Lee County, Florida.

## JURISDICTION & VENUE

10. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 216(b), and Florida common law for breach of contract. The Court has subject matter jurisdiction under 28 U.S.C. §1331, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

11. This Court has personal jurisdiction over the Defendants because:

    (a). Defendants engage in substantial and not isolated activity within the Middle District of Florida; and

    (b). Defendants operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

12. Venue is proper because:

    (a). The unlawful pay practices alleged occurred in the Middle

District of Florida; and

(b). Defendants operated a business within the judicial district and resided in the judicial district.

## FLSA COVERAGE

**Enterprise Coverage**

13. At all times material, Defendants were, and continue to be, an "enterprise engaged in commerce," and in the "production of goods for commerce" as defined by the FLSA, 29 U.S.C. § 203(r) and 203(s).

14. At all times material, Defendants employed at least two or more employees who handled, sold, or otherwise worked with goods or materials moved through interstate commerce, including, but not limited to: lashing and other cosmetic supplies and tools and equipment used to perform cosmetic services.

15. At all times material, the corporate Defendant's gross sales volume exceeded $500,000 annually, either individually or as a single enterprise under 29 C.F.R. §§ 791.2(b)(1)–(3).

**Multiple Entities/Single Enterprise**

16. Under the FLSA: "Enterprise means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements." 29 U.S.C. § 203(r).

17. Defendants LASHOUT BEAUTY BAR, LLC,

LUME'.LASH.BROW.BEAUTY.LLC, and KCG LASHES, LLC are currently listed with the Florida Department of State, Division of Corporations, as "Active" businesses.

18. At all times material hereto, Defendants LASHOUT BEAUTY BAR, LLC, LUME'.LASH.BROW.BEAUTY.LLC, and KCG LASHES, LLC performed "related activities," through a unified operation, and were under common control, and they "operated for a common business purpose" and were a single "enterprise" within the meaning of the FLSA. 29 U.S.C. 203(r)(1).

19. Defendants shared a common business purpose of operating retail locations offering lash and cosmetic services.

20. At all times relevant hereto, Defendants were a single enterprise and Plaintiffs' "integrated employer" under the FLSA, because they had: (i) Common management; (ii) Interrelated operations; (iii) Centralized control of labor relations; and (iv) Common ownership/financial control.

21. For purposes of the FLSA:

> Where the employee performs work which simultaneously benefits two or more employers, or works for two or more employers at different times during the workweek, a joint employment relationship generally will be considered to exist in situations such as:

    (1)    Where there is an arrangement between the employers to share the employee's services, as, for example, to interchange employees;

    (2)    Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee;

    (3)    Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.

29 C.F.R. §§ 791.2(b)(1)–(3).

22. At all times material to this action, Plaintiffs were "employees" of Defendants within the meaning of the FLSA.

23. At all times material to this action, Defendants were Plaintiffs' "employers" within the meaning of the FLSA

**Individual Coverage**

24. The FLSA individually covers Plaintiffs because they were "engaged in commerce." Specifically, a substantial portion of Plaintiffs' duties required ordering, receiving, and sending of cosmetology and lashing supplies with out-of-state vendors. Plaintiffs also regularly and recurrently used interstate telephone and mail, such as recurrent communications with out-of-state seasonal customers. Plaintiffs also regularly and recurrently engaged in interstate transactions through the use of electronic credit card and banking transactions, processed and approved out-of-state.

25. At all times material hereto, the Plaintiffs' work was essential to the business conducted by Defendants.

**Liability of the Individual Defendants under the FLSA**

26. At all times material, individual Defendants THOMAS NELSON and MICHELLE NELSON were the Managing Members and owners of Defendants LASHOUT BEAUTY BAR, LLC and LUME'.LASH.BROW.BEAUTY.LLC.

27. At all times material, individual Defendants KENYETTA SMITH and CORRINDA HALLMAN were the Managing Members and owners of Defendant KCG LASHES, LLC.

28. At all times material, the individual Defendants held and exercised the authority to (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations and to determine and set the pay rates of employees, including the Plaintiffs. Consequently, Defendants are employers as defined by 29 U.S.C. §201 *et. seq*.

## FACTUAL BACKGROUND

*About Defendants*

29. Defendants are the owners and operators of a beauty salon, focused primarily on lashing.

30. Defendants use "lash technicians" to service its customers. The technicians are licensed by the State of Florida, Department of Business and Professional Regulation, as cosmetologists or estheticians.

31. Although Defendants classify lash technicians as "independent contractors," they are not independent contractors. Rather, an employment relationship exists between Defendants and the lash technicians.

32. Defendants controls all aspects of the employment relationship.

The technicians work exclusively for the Defendants. Defendants require the technicians to enter into restrictive covenants, prohibiting them from providing other services. The technicians have regular, full-time schedules set by the Defendants. Defendants set the appointments with the customers and assign the technician.

33. Defendants classify these individuals as independent contractors to avoid compliance with wage and hour laws, workers' compensation, payroll taxes, and unemployment insurance.

*Plaintiff Ashley Phillips*

34. Plaintiff ASHLEY PHILLIPS is a lash technician licensed by the State of Florida.

35. Defendants employed Plaintiff PHILLIPS between January 2020 and June 2020.

36. On or about January 4, 2020, Plaintiff PHILLIPS and Defendants entered into a written contract. *See* **Exhibit A**.

*Plaintiff Maria Negrete*

37. Plaintiff MARIA NEGRETE is a lash technician licensed by the State of Florida.

38. Defendants employed Plaintiff NEGRETE between July 2019 and October 2020.

39. On or about July 8, 2019, Plaintiff NEGRETE and Defendants entered into a written contract. *See* **Exhibit B**.[1]

---

[1] A signed copy of the contract is in the possession of the Defendants.

...
...

*Plaintiff Taja Jones*

40. Plaintiff TAJA JONES is a lash technician licensed by the State of Florida.

41. Defendants employed Plaintiff JONES between May 2019 and October 2020.

42. On or about May 3, 2019, Plaintiff JONES and Defendants entered into a written contract. *See* **Exhibit C**.[2]

*Plaintiff Erin Ryan*

43. Plaintiff ERIN RYAN is a lash technician licensed by the State of Florida.

44. Defendants employed Plaintiff RYAN between March 2020 and August 2020.

45. On or about December 2, 2019, Plaintiff RYAN and Defendants entered into a written contract. *See* **Exhibit D**.

*Defendants' Unlawful Pay Practices*

46. At all times material, Plaintiffs worked in Defendants' retail store located at Gulf Coast Town Center, 9908 Gulf Coast Main Street SE Ste.155, Fort Myers, Florida 33913.

47. Plaintiffs were required to work scheduled shifts and serve customers in the store.

48. Although the Governor's Executive Order banned the operation of non-essential businesses during the initial stage of the COVID-19 pandemic,

---

[2] A signed copy of the contract is in the possession of the Defendants.

Defendants continued operating the Gulf Coast Town Center store in secret.

49. Plaintiffs were required to report for mandatory shifts. Defendants instructed customers to park behind the building or at a distance to avoid any suspicion. Although the store had very few customers during this time, Defendants required Plaintiffs to report and work mandatory shifts.

50. Defendants failed and refused to pay Plaintiffs for hours spent in the store as required. As a result, Defendants failed to pay Plaintiffs minimum wage for all hours worked.

51. After the pandemic began, the business operations and working conditions at the store substantially declined. The financial condition also significantly deteriorated as Defendants did not meet their financial obligations to pay Plaintiffs' wages. When Plaintiff's raised these issues, they were either ignored, harassed, or threatened.

52. Plaintiff's each resigned their employment because of the working conditions, the financial condition and disorganized operations, harassment, and Defendants' failure to pay wages.

53. After they resigned, Defendants failed to pay Plaintiffs their final paychecks.

## COUNT I
## VIOLATION OF THE FLSA – UNPAID MINIMUM WAGES
## (PHILLIPS v. ALL DEFENDANTS)

54. Plaintiff realleges Paragraphs 1 through 36 and 46 through 53 as if fully stated herein.

55. Although PHILLIPS was an employee, Defendants misclassified her as an independent contractor.

56. Under the FLSA, Defendants were required to pay Plaintiff at least minimum wage for all hours worked by Plaintiff.

57. Defendants failed to pay Plaintiff at least minimum wage for all hours worked.

58. Defendants knew of their obligation to pay Plaintiff minimum wages under the FLSA. Defendants willfully avoided their responsibility to minimum wages.

59. Due to the willful nature of the violations, Plaintiff is entitled to liquidated damages under the FLSA.

60. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff PHILLIPS respectfully requests that final judgment be entered in her favor against the Defendants as follows:

    a. Declaring that Defendants have violated the minimum wage requirements of the FLSA;

    b. Awarding Plaintiff unpaid minimum wages in amounts according to proof;

    c. Awarding Plaintiff liquidated damages in an equal amount to unpaid minimum wages;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e. Awarding Plaintiff post-judgment interest; and

    f. Ordering any other and further relief this Court deems to be just and proper.

## COUNT II
## BREACH OF CONTRACT
## (PHILLIPS v. ALL DEFENDANTS)

61. Plaintiff realleges Paragraphs 1 through 36 and 46 through 53 as if fully stated herein.

62. All conditions precedent to bringing this action have been performed or have occurred, or have been waived.

63. Plaintiff PHILLIPS and Defendants entered into a written contract (Exhibit A).

64. Plaintiff performed as required under the contract.

65. Defendants materially breached the contract by failing and refusing to pay Plaintiff commissions.

66. As a direct and proximate result of Defendants' breaches, Plaintiff has suffered damages in the form of unpaid commissions.

**WHEREFORE,** Plaintiff PHILLIPS respectfully requests that final judgment be entered in her favor against the Defendants for an amount consistent with evidence, the costs of litigation, interest, and reasonable attorney's fees under Fla. Sta. § 448.08 and the terms of the written contract.

## COUNT III
## VIOLATION OF THE FLSA – UNPAID MINIMUM WAGES
## (NEGRETE v. ALL DEFENDANTS)

67. Plaintiff realleges Paragraphs 1 through 33 and 37 through 39 and 46 through 53 as if fully stated herein.

68. Defendants classified Plaintiff NEGRETE as an independent

contractor.

69. Although NEGRETE was an employee, Defendants misclassified her as an independent contractor

70. Under the FLSA, Defendants were required to pay Plaintiff at least minimum wage for all hours worked by Plaintiff.

71. Defendants failed to pay Plaintiff at least minimum wage for all hours worked.

72. Defendants knew of their obligation to pay Plaintiff minimum wages under the FLSA. Defendants willfully avoided their responsibility to minimum wages.

73. Due to the willful nature of the violations, Plaintiff is entitled to liquidated damages under the FLSA.

74. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff NEGRETE respectfully requests that final judgment be entered in her favor against the Defendants as follows:

  g. Declaring that Defendants have violated the minimum wage requirements of the FLSA;
  h. Awarding Plaintiff unpaid minimum wages in amounts according to proof;
  i. Awarding Plaintiff liquidated damages in an equal amount to unpaid minimum wages;
  j. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

  k. Awarding Plaintiff post-judgment interest; and

  l. Ordering any other and further relief this Court deems to be just and proper.

## COUNT IV
## BREACH OF CONTRACT
## (NEGRETE v. ALL DEFENDANTS)

75. Plaintiff realleges Paragraphs 1 through 33 and 37 through 39 and 46 through 53 as if fully stated herein.

76. All conditions precedent to bringing this action have been performed, have occurred, or been waived.

77. Plaintiff and Defendants entered into a written contract (Exhibit B).

78. Plaintiff performed as required under the contract.

79. Defendants materially breached the contract by failing and refusing to pay Plaintiff commissions.

80. As a direct and proximate result of Defendants' breaches, Plaintiff has suffered damages in the form of unpaid commissions.

**WHEREFORE,** Plaintiff NEGRETE respectfully requests that final judgment be entered in her favor against the Defendants for an amount consistent with the evidence, the costs of litigation, interest, and reasonable attorney's fees under Fla. Sta. § 448.08 and the terms of the written contract.

## COUNT V
## VIOLATION OF THE FLSA – UNPAID MINIMUM WAGES
## (JONES v. ALL DEFENDANTS)

81. Plaintiff realleges Paragraphs 1 through 33 and 40 through 42 and

46 through 53 as if fully stated herein.

82. Although JONES was an employee, Defendants misclassified her as an independent contractor.

83. Under the FLSA, Defendants were required to pay Plaintiff at least minimum wage for all hours worked by Plaintiff.

84. Defendants failed to pay Plaintiff at least minimum wage for all hours worked.

85. Defendants knew of their obligation to pay Plaintiff minimum wages under the FLSA. Defendants willfully avoided their responsibility to minimum wages.

86. Due to the willful nature of the violations, Plaintiff is entitled to liquidated damages under the FLSA.

87. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff JONES respectfully requests that final judgment be entered in her favor against the Defendants as follows:

    m. Declaring that Defendants have violated the minimum wage requirements of the FLSA;

    n. Awarding Plaintiff unpaid minimum wages in amounts according to proof;

    o. Awarding Plaintiff liquidated damages in an equal amount to unpaid minimum wages;

    p. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

q. Awarding Plaintiff post-judgment interest; and

r. Ordering any other and further relief this Court deems to be just and proper.

## COUNT VI
## BREACH OF CONTRACT
## (JONES v. ALL DEFENDANTS)

88. Plaintiff realleges Paragraphs 1 through 33 and 40 through 42 and 46 through 53 as if fully stated herein.

89. All conditions precedent to bringing this action have been performed, have occurred, or been waived

90. Plaintiff and Defendants entered into a written contract, (Exhibit C).

91. Plaintiff performed as required under the contract.

92. Defendants materially breached the contract by failing and refusing to pay Plaintiff commissions.

93. As a direct and proximate result of Defendants' breaches, Plaintiff has suffered damages in the form of unpaid commissions.

**WHEREFORE,** Plaintiff JONES respectfully requests that final judgment be entered in her favor against the Defendants for an amount consistent with evidence, the costs of litigation, interest, and reasonable attorney's fees under Fla. Sta. § 448.08 and the terms of the written contract.

## COUNT VII
## VIOLATION OF THE FLSA – UNPAID MINIMUM WAGES
## (RYAN v. ALL DEFENDANTS)

94. Plaintiff realleges Paragraphs 1 through 33 and 43 through 53 as if

fully stated herein.

95. Although RYAN was an employee, Defendants misclassified her as an independent contractor.

96. Under the FLSA, Defendants were required to pay Plaintiff at least minimum wage for all hours worked by Plaintiff.

97. Defendants failed to pay Plaintiff at least minimum wage for all hours worked.

98. Defendants knew of their obligation to pay Plaintiff minimum wages under the FLSA. Defendants willfully avoided their responsibility to minimum wages.

99. Due to the willful nature of the violations, Plaintiff is also entitled to liquidated damages under the FLSA.

100. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff RYAN respectfully requests that final judgment be entered in her favor against the Defendants as follows:

    s. Declaring that Defendants have violated the minimum wage requirements of the FLSA;

    t. Awarding Plaintiff unpaid minimum wages in amounts according to proof;

    u. Awarding Plaintiff liquidated damages in an equal amount to unpaid minimum wages;

    v. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    w. Awarding Plaintiff post-judgment interest; and

    x. Ordering any other and further relief this Court deems to be just and proper.

## COUNT VIII
## BREACH OF CONTRACT
## (RYAN v. ALL DEFENDANTS)

101. Plaintiff realleges Paragraphs 1 through 33 and 43 through 53 as if fully stated herein.

102. All conditions precedent to bringing this action have been performed, occurred, or been waived.

103. Plaintiff and Defendants entered into a written contract, (Exhibit D).

104. Plaintiff performed as required under the contract.

105. Defendants materially breached the contract by failing and refusing to pay Plaintiff commissions.

106. As a direct and proximate result of Defendants' breaches, Plaintiff has suffered damages in the form of unpaid commissions.

**WHEREFORE,** Plaintiff RYAN respectfully requests that final judgment be entered in her favor against the Defendants for an amount consistent with evidence, the costs of litigation, interest, and reasonable attorney's fees under Fla. Sta. § 448.08 and the terms of the written contract.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable as of right.

**Dated: November 16, 2020**

          **Respectfully submitted,**

          By:   **/s/   Jason L. Gunter**
                Jason L. Gunter
                Fla. Bar No. 0134694
                Conor P. Foley
                Fla. Bar No. 111977
                **GUNTERFIRM**
                1514 Broadway, Suite 101
                Fort Myers, FL   33901
                **Phone:**(239) 334–7017
                **Fax:**   (239) 236–8008
                **Email:**  Jason@Gunterfirm.com
                **Email:**  Conor@Gunterfirm.com