UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ASHLEY PHILLIPS, MARIA
NEGRETE, TAJA JONES, and ERIN
RYAN,

       Plaintiffs,

vs.

LASHOUT BEAUTY BAR, LLC,
LUME'.LASH.BROW.BEAUTY.LLC,
KCG LASHES, LLC, THOMAS
NELSON, Individually, MICHELLE
NELSON, Individually, KENYETTA
SMITH, Individually, and CORRINDA
HALLMAN, Individually,

       Defendants.

Case #: 2:20-cv-00908-JLB-MRM

## JOINT MOTION TO APPROVE FLSA SETTLEMENT
## AND MEMORANDUM OF LAW

Pursuant to the Fair Labor Standards Act ("FLSA") and *Lynns Foods Stores, Inc.*
*v. U.S. Dep't of Labor*, 679 F.2d 1352 (11th Cir. 1982), the parties move for an order
approving this FLSA settlement and dismissing the case with prejudice. (Settlement
Agreement, *Ex. 1*):

## BACKGROUND

1.    On November 17, 2020, Plaintiffs filed their Complaint, alleging violations of
the FLSA's minimum wage provisions. Plaintiffs also asserted common-law claims for
unpaid wages under a breach of contract theory. [Doc. #1].

2.      This action arises from Plaintiffs' employment as "lash technicians" at Lume, located at Gulf Coast Town Center, 9908 Gulf Coast Main Street SE Ste.155, Fort Myers, Florida 33913.

3.      Defendants engaged Plaintiffs as independent contractors under written agreements. Plaintiffs alleged they were employees, not independent contractors, and Defendants misclassified them.

4.      There are seven total defendants consisting of a combination of corporations and individuals. The claims against all Defendants are identical and arise from a single set of facts. Each Defendant's liability attaches due to their alleged status as an "employer" as that term is broadly defined by the FLSA.

5.      For settlement, the Defendants are broken into two categories:

- "*Lashout Defendants*" - Defendants Lashout Beauty Bar, LLC, Lume' Lash Brow Beauty LLC, Thomas Nelson, and Michelle Nelson.

- "*KCG Defendants*" - Defendant KCG Lashes, LLC, Corrinda Hallman, and Kenyetta Smith.

6.      Plaintiffs allege Defendants failed to pay them at least a minimum wage for all hours worked during the initial stages of the COVID-19 pandemic. Plaintiffs' common-law breach of contract claims arise from allegations of unpaid commissions or final paychecks during a short, post-pandemic, timeframe. The Plaintiffs ended their engagements at different times between June and October 2020.

7.      The Lashout Defendants moved to compel arbitration. [Doc. #15]. That Motion has been denied as moot [Doc. #37] in view of the Notice of Settlement filed on February 15, 2021. [Doc. #35].

8.      Although Defendants denied the material allegations and responsibility as employers, the parties engaged in settlement negotiations because the damages for each Plaintiff were low in comparison to arbitration expenses and cost of defense.

9.      This is a settlement without compromise because each Plaintiff is receiving the maximum amount of their FLSA claim, plus attorney's fees and costs.[1]

## TERMS OF SETTLEMENT

**Monetary Terms**

10.      **Gross Settlement**. The total gross monetary settlement is $15,000.

11.      **Plaintiff's Claims:** Plaintiffs Ashley Phillips, Maria Negrete, Taja Jones, and Erin Ryan will each receive $2500 apportioned as:

- $1000 as unpaid minimum wages

- $1000 as liquidated damages

- $250 in consideration of common-law unpaid wage claim

- $250 in consideration of mutual release and waiver.

12.      **Attorney's Fees and Costs**: Plaintiff's counsel will be paid $5,000.00 in attorney's fees and cost. The attorney's fees and costs were agreed upon separately and without regard

---

[1] On January 25, 2021, the Court dismissed the claims of Plaintiff Erin Ryan without prejudice, to re-file in state court under a forum selection clause. [Doc. #32]. However, the parties subsequently settled the case, rendering the re-filing unnecessary. Ryan's settlement is identical to the other Plaintiffs' and her claims are encompassed by the Settlement Agreement.

to the amounts paid to Plaintiffs. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

13.    **Payment Schedule and Liability**. The "Lashout Defendants" and "KCG Defendants" are each responsible for 50% of the total settlement ($7500). In consideration of the financial condition of the Defendants, the parties agreed to the following installment schedule:

| Payment Due Date | Payment | Lashout Defendants | KCG Defendants |
|---|---|---|---|
| 7 Days of Settlement Approval | 1 | $2,500 | $2,500 |
| 30 days following Payment 1 | 2 | $1,250 | $1,250 |
| 30 days following Payment 2 | 3 | $1,250 | $1,250 |
| 30 days following Payment 3 | 4 | $1,250 | $1,250 |
| 30 days following Payment 4 | 5 | $1,250 | $1,250 |
| | Totals | **$7,500** | **$7,500** |

**Non-Monetary Terms**

14.    **Mutual General Release and Waiver**. The Settlement Agreement contains a mutual general release and waiver. The release and waiver confers a benefit on both parties. Separate consideration in the amount of $250 per Plaintiff is apportioned to this non-monetary provision.

## MEMORANDUM OF LAW

The parties move for approval of the Settlement Agreement under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

There are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the Secretary of Labor supervises the settlement. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc.*, 679 F.2d 1350, 1353. Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an order approving the settlement. *Id.* The Eleventh Circuit has found settlements to be permissible when an employee files a lawsuit under the FLSA for back wages, reasoning:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. Thus, in the adversarial context of litigation, where the parties are represented by counsel, there is a presumption in favor of finding a settlement to be a fair and reasonable compromise over disputed claims.

### A.    The settlement is a fair and reasonable

Here, the settlement occurred in the adversarial context, with all parties represented by experienced counsel. Thus, there is a strong presumption in favor of approval.

Plaintiffs' claims were all identical, or nearly identical. The alleged minimum wage violations occurred during the first month following the pandemic. Although disputed, the settlement amount for unpaid minimum wages is based on an estimation of four weeks at $7.25 per hour, plus an equal amount for liquidated damages. Therefore, each Plaintiff will receive $1000 in base unpaid minimum wage, which either equals or exceeds their alleged damages. In addition, each Plaintiff will receive $1000 in liquidated damages.

Plaintiffs' common law claims arise from alleged unpaid commissions or unpaid final paychecks. Each Plaintiff will receive $250 in consideration of these claims.

For the reasons above, the settlement should be approved.

### B.    The mutual general release is reasonable because both parties have valid reasons to release all claims between them

Plaintiffs and Defendants agreed to the terms of a mutual release as part of the settlement. Given the obligations of all parties arising from the written contracts and the controversy that ensued upon Plaintiffs' separation, the parties have valid reasons to obtain a general release in their favor. The mutual release will provide the parties

with certainty that all claims and disputes between them are final. *Capers v. Noah's Ark Repair Serv., Inc.*, No. 6:11-cv-457-ORL-28TB, 2013 WL3153974, at *3 (M.D. Fla. June 19, 2013) (approving agreement containing a mutual general release as fair and reasonable finding that "[it] also confer[s] a benefit upon Plaintiff.").

### C.    The attorney's fees and costs should be approved

Defendants will separately pay Plaintiffs' counsel $5,000.00 in attorney's fees and costs. Pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009), "unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." Here, the attorney's fees and costs were agreed upon separately and without regard to the amount paid to Plaintiffs. Thus, the parties request that the Court approve the attorney's fees and costs.

### CONCLUSION AND REQUEST FOR RELIEF

For the reasons above, the parties request entry of an order approving the Settlement Agreement, dismissing the case with prejudice, and retaining jurisdiction for thirty (30) days to enforce the settlement.

Dated: February 19, 2021

/s/Adam G, Wasch                          /s/Jason Gunter
Adam G. Wasch                             Jason L. Gunter
Florida Bar No. 071082                    Florda Bar No. 0134694
awasch@waschraines.com                    GUNTERFIRM
WASCH RAINES LLP                          1514 Broadway, Suite 101
2500 N. Military Trail, Ste. 303          Fort Myers, FL 33901
Boca Raton, FL, 33431                     Tel: (239) 334-7017
Tel: (561) 693-3221                       jason@gunterfirm.com

*Attorneys for Lashout Defendants*        *Attorneys for Plaintiffs*

/s/Suzanne M. Boy
Suzanne M. Boy
Florida Bar No. 35400
suzanne@bapfirm.com
BOY AGNEW POTANOVIC, PLLC
4415 Metro Parkway, Ste. 110
Fort Myers, FL 33916
Tel: (239) 208-6515

*Attorneys for KCG Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on this day, February 19, 2021.

/s/ Jason L. Gunter
JASON L. GUNTER