UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ASHLEY PHILLIPS, MARIA NEGRETE,
ERIN RYAN, and TAJA JONES,

        Plaintiffs,

v.                                                                Case No:   2:20-cv-908-JLB-MRM

LASHOUT BEAUTY BAR, LLC,
LUME'.LASH.BROW.BEAUTY.LLC, KCG
LASHES, LLC, THOMAS NELSON,
MICHELLE NELSON, KENYETTA SMITH,
and CORRINDA HALLMAN,

        Defendants.

_____

## ORDER

The parties in this case move for Court approval of their Fair Labor

Standards Act ("FLSA") Settlement Agreement (Docs. 38-1) and ask that the Court

dismiss this case with prejudice (Doc. 38 at 1).   After careful review of the parties'

filings, the record, and the applicable legal standards, the Court finds that the

Settlement Agreement is a "fair and reasonable resolution of a bona fide dispute."

Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354–55 (11th Cir. 1982).[1]

_____

[1] On January 25, 2021, the Court dismissed Plaintiff Erin Ryan without
prejudice for forum non conveniens in favor of her enforcing her wage and hour
claims in Florida state court.   (See Doc. 32.)   The parties now represent that they
reached a settlement prior to Ms. Ryan re-filing her claims in state court.   (Doc. 38
at 3 n.1.)   First, given that the Court's dismissal was without prejudice, a bona fide
dispute between Ms. Ryan and Defendants still exists as to her claims.   Second,
Ms. Ryan has also signed the Settlement Agreement before the Court, allowing for
an analysis of whether the settlement is fair and reasonable as to her.   (Doc. 38-1
at 7.)

Here, each Plaintiff will receive: (1) $1,000 in unpaid minimum wage; (2) $1,000 in liquidated damages; (3) $250 for common law claims of unpaid commissions/unpaid final paychecks; and (4) $250 for a general release.   (Doc. 38-1 ¶ 1(A).)   While Plaintiffs have not provided the Court with an estimate of their damages, the Complaint alleges that they are seeking "at least minimum wage" for hours worked "during the initial stage of the COVID-19 pandemic."   (See Doc. 1.) They each "ended their engagements at different times between June and October 2020."   (Doc. 38 ¶ 6.)   And even though it appears the parties dispute the exact timeframe, the "amount for unpaid minimum wages is based on an estimation of four weeks at $7.25 per hour, plus an equal amount for liquidated damages."   (Id. at 6.)   Plaintiffs' attorney's fees of $5,000 were also "agreed upon separately and without regard to the amount paid to Plaintiffs."   (Id. at 7.)

On balance, and noting the uncertainty over Plaintiffs' claimed damages, the unpaid-wage terms appear fair and reasonable considering the range of possible recovery, the probability of Plaintiffs' success on the merits, and that the parties were represented by counsel.   Cf. Coleman v. Target Corp., No. 6:12-cv-1315-Orl-37GJK, 2013 WL 867891, at *3 (M.D. Fla. Mar. 1, 2013) ("The Court should be mindful of the strong presumption in favor of finding a settlement fair." (citing Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977)).

Finally, turning to the nonmonetary provisions, the Settlement Agreement contains a general release—a disfavored concession beyond Plaintiffs' FLSA claims. (Doc. 38-1 ¶ 2(A)(i).)   However, the release is mutual (id. ¶ 2(A)(ii)) and Plaintiffs

received separate consideration for their release (id. ¶ 1(A)).   See, e.g., Rosado v.

Superior Aircraft Servs., Inc., No. 6:13-cv-1727-Orl-28KRS, 2014 WL 12873212, at

*3–4 (M.D. Fla. June 9, 2014), adopted, 2014 WL 5280539 (M.D. Fla. June 12, 2014)

(approving FLSA settlement provision containing mutual release of liability);

Middleton v. Sonic Brands L.L.C., No. 6:13-cv-386-Orl-18, 2013 WL 4854767, at *3

(M.D. Fla. Sept. 10, 2013) (finding $100 represented adequate consideration for

release of claims not asserted in the FLSA complaint).

Accordingly, it is **ORDERED**:

1.     The Joint Motion to Approve FLSA Settlement (Doc. 38) is

    **GRANTED**.

2.     This case is **DISMISSED WITH PREJUDICE**.   The Clerk is

    **DIRECTED** to terminate any pending deadlines and close the file.

**ORDERED** at Fort Myers, Florida, on April 30, 2021.

_____

**JOHN L. BADALAMENTI**
UNITED STATES DISTRICT JUDGE